IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
9/9/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

| | | |
|---|---|---|
| EAST AND WESTBROOK, CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | Case No. 4:24-cv-00012 |
| v. | ) | **MEMORANDUM OPINION** |
| SOUTHSIDE CONCRETE SUPPLY, LLC, | ) | By: Hon. Thomas T. Cullen, United States District Judge |
| Defendant. | ) | |

---

Plaintiff East and Westbrook Construction Company ("East and Westbrook") sued Defendant Southside Concrete Supply ("Southside") for breach of implied warranties of merchantability and fitness for a particular purpose (Counts I and II) due to Southside's alleged failure to supply concrete with 28-day compressive strength of 4,500 pounds per square inch ("PSI"). (Compl. [ECF No. 1].) East and Westbrook previously filed a motion for summary judgment, arguing that there were no genuine issues of material fact as to Southside's failure to deliver concrete meeting this PSI specification. (Pl.'s Mot. Summ. J. [ECF No. 45].) The court denied this motion because the evidence upon which East and Westbrook relied—specifically, PSI-test results for the concrete at issue—was inadmissible without foundational testimony. (*See* ECF No. 55.)

East and Westbrook recently filed a renewed motion for summary judgment to address the court's threshold concerns about the test results. Having reviewed this filing, the court is now satisfied that the test results are admissible. But, as explained below, there are still genuine

issues of material fact about the test samples themselves that preclude entry of summary judgment.

## I. RELEVANT BACKGROUND

In support of its original summary judgment motion, East and Westbrook offered, without witness foundation, what it proffered were results of Terracon Consultants, Inc.'s ("Terracon") compressive-strength testing of Southside's concrete. According to East and Westbrook, it had engaged Terracon to perform PSI testing on the concrete Southside delivered to the jobsite to ensure that it met the 4,500 PSI threshold. These test results uniformly indicated that the concrete fell below this standard. But the court determined that, without accompanying witness testimony satisfying the requirements of Federal Rules of Evidence 803(6) and 901(b)(1), the test results were inadmissible and could not be considered. (*See* ECF No. 55.)

In support of its renewed motion for summary judgment, East and Westbrook offers the Declaration of Terry Pope, Terracon's project manager for the PSI testing. (*See* Pope Decl. [ECF No. 64-2].) Mr. Pope first attests that the compressive-strength testing records are, in fact, Terracon's "business records made at or near the time of the acts, events, conditions, or opinions referred to in them, and kept in the regular course of Terracon's regularly conducted business activity." (*Id.* ¶ 1.)

Mr. Pope further explains that, over the course of eight different concrete delivery dates, Terracon employees obtained "fresh" concrete samples "directly from the Southside delivery trucks," which lab testing later indicated "showed compressive strengths of below 4,500 PSI." (*Id.* ¶¶ 5, 7.) According to Pope, Terracon's sampling was conducted "in general

accordance with applicable industry testing methods, specifically the American Society for Testing and Materials ("ASTM") standards." (*Id.* ¶ 3.) Finally, Pope represents that, after receiving initial test results, Terracon performed "compressive strength testing on 'core samples' taken from Southside concrete that had been poured and placed at the Project site." (*Id.* ¶ 8.) Testing on these samples also revealed that the concrete "failed to meet 4,500 PSI at 28 days." (*Id.*)

In opposing the renewed motion for summary judgment, Southside takes direct aim at Pope's declaration. First, Southside disputes that the testing at issue was conducted according to ASTM standards. Southside points to the affidavits of two of its delivery drivers, Bobby Smith and Vaughnsha Thompson, both of whom recall that East and Westbrook and/or Terracon representatives collected fresh concrete samples from their trucks immediately upon arrival, before any concrete was poured at the jobsite. (Smith Aff. 1–2 [ECF No. 65-2]; Thompson Aff. 1–2 [ECF No. 65-3].) According to Southside, this sampling method violated ASTM standards, which require "collecting two or more portions taken at regularly spaced intervals during discharge of the middle portion of the [concrete] batch[,]" and prohibit obtaining "samples from the very first or last portions of the batch discharge." (Def.'s Ex. 1 ¶ 6.2.3 [ECF No. 65-1].)

Second, Southside challenges Pope's assertions regarding the hardened "core" samples, which Terracon also determined fell below 4,500 PSI. In doing so, Southside points to Smith's and Thompson's sworn recollections that, while the concrete was being poured at the jobsite, "East and Westbrook's representatives and agents request[ed] for additional water to be added

[to the concrete] several times." (ECF No. 65 at 9 (quoting Smith Aff. 2 and citing Thompson Aff. 2).)

## II. LEGAL STANDARD

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)).

## III. ANALYSIS

The outcome of this case depends on the answer to a relatively simple factual question: whether the concrete Southside delivered to East and Westbrook's jobsite met the 4,500 PSI threshold. Thus, East and Westbrook is entitled to summary judgment only if the record

evidence, viewed in the light most favorable to Southside, irrefutably establishes that it did not, and a reasonable jury could not conclude otherwise.

When East and Westbrook filed its initial motion for summary judgment, the court refused to consider the Terracon results, which, on their face, appeared to answer this dispositive factual question in Plaintiff's favor. At that time, the court noted that East and Westbrook had failed to lay a proper foundation, through a witness declaration, that the proffered test results were, in fact, authentic and otherwise admissible under the hearsay exception for business records. Accordingly, the court had no choice but to deny its motion for summary judgment.

East and Westbrook, through Mr. Pope's declaration, has now cured these foundational deficiencies. As such, to avoid summary judgment, Southside must point to evidence in the record undermining the veracity of the test results, or of Mr. Pope's other assertions about how that testing was conducted. Southside has now done so—in spades.[1]

East and Westbrook's "fresh" and "core" test results indicate that Southside's concrete fell below the agreed-upon PSI threshold. But Southside has proffered admissible evidence that, *if believed*, undermines those results. According to Southside's delivery drivers, the fresh concrete samples were obtained from the beginning, rather than from the middle, of their loads. If a factfinder credits that testimony, in conjunction with Southside's evidence that Terracon's sampling methodology deviated from industry standards, it could reasonably reject these results out-of-hand. The same is true regarding the core samples. Accepting as true the

[1] For whatever reason, Southside failed to offer testimony from its delivery drivers or evidence related to purported deficiencies in the sampling process in its response to East and Westbrook's original motion for summary judgment.

drivers' declarations that Plaintiff's representatives requested that water be added to the concrete after it was poured,[2] a reasonable factfinder could conclude that East and Westbrook, rather than Southside, was responsible for diluting the concrete and yielding a finished product that fell below 4,500 PSI.

Given the disputed evidence in the record, the court has no choice but to deny East and Westbrook's renewed motion for summary judgment. Only a jury can weigh this conflicting evidence, make credibility determinations, and decide how much weight, if any, the test results deserve.

## IV. CONCLUSION

For the reasons explained above, East and Westbrook's renewed motion for summary judgment will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 9th day of September 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

[2] Which, of course, the court must do since Southside is opposing the motion for summary judgment.